811 So.2d 342 (2001)
Joseph L. WILSON, Appellant,
v.
Jo P. WILSON, Appellee.
No. 1999-CA-00888-COA.
Court of Appeals of Mississippi.
February 6, 2001.
*343 J. Mack Varner, Vicksburg, Lee Davis Thames, Jr., Jackson, Attorneys for Appellant.
Harlon H. Varnado, Attorney for Appellee.
Before KING, P.J., IRVING, and PAYNE, JJ.
KING, P.J., for the Court:
¶ 1. Joseph "Jody" Wilson appeals a final judgment of divorce from the Chancery Court of Rankin County on the grounds that the chancellor committed reversible error in dividing the marital estate. Finding error, we reverse and remand.

FACTS
¶ 2. Jody Wilson and Jo P. Wilson were divorced after an eighteen year marriage. There were no children born to this marriage. Both parties are physicians employed by Methodist Hospital. However, Jo enjoyed a significantly higher income than Jody. Jody was granted a divorce on the grounds of uncondoned adultery. As a part of the divorce, the chancellor attempted to resolve the property rights of the parties. In doing so, the chancellor adopted verbatim the proposed findings of fact and conclusions of law presented by Jo.
¶ 3. This finding gave to Jo $769,728 of marital property. Included in this figure are several significant items of marital property upon which no value was placed. Not included in that sum is $109,130 worth of property purchased by Jo after separation, but prior to divorce, which the chancellor ruled was separate property.
¶ 4. The chancellor, adopting verbatim Jo's prepared findings of fact, identified in great detail those items and assets awarded to Jo. He then provided that all property not otherwise awarded to Jo was awarded to Jody.

DISCUSSION OF ISSUES
¶ 5. On appeal, Jody raises three issues: (1) that the facts of the case were insufficient to support the chancellor's opinion, (2) that the chancellor erred in his attempt to equitably divide the property and (3) that the chancellor failed to delineate marital versus non-marital property. This Court, pursuant to reasons set forth below, has determined that this matter should be reversed and remanded. Accordingly, a discussion of all the issues raised by Jody is unnecessary and we will address those *344 points raised by Jody that are relevant to our decision.
¶ 6. In deciding this case, the chancellor elected to adopt, verbatim, Jo's version of facts, and conclusions of law. Jody asserts that because the chancellor adopted verbatim the proposed memorandum opinion and judgment submitted by Jo, that this Court should give little deference, if any, to the chancellor's opinion and final judgment. Relying on Brooks v. Brooks, 652 So.2d 1113, 1117-18 (Miss. 1995), Jody argues a de novo standard of review is more appropriate here. In Brooks, the supreme court stated that "[w]here the chancellor adopts, verbatim, findings of fact and conclusions of law prepared by a party to the litigation, this Court analyzes such findings with greater care, Omnibank v. United Southern Bank, 607 So.2d 76, 83 (Miss.1992), and the evidence is subjected to heightened scrutiny, Matter of Estate of Ford, 552 So.2d 1065, 1068 (Miss.1989)." Brooks, 652 So.2d at 1118. The supreme court in Brooks determined that the chancellor had misperceived the correct legal standard to apply, thus a de novo standard of review was required because the matter became a question of law. Id. at 1117. In another case, the Mississippi Supreme Court stated:
Unfortunately, in the case sub judice, the chancellor failed to make his own findings of fact and conclusions of law. Rather, the chancellor adopted, verbatim, the findings of fact and conclusions of law prepared by George Weaver, attorney for ... [appellees]. This Court has explained that such findings "are not the same as findings independently made by the trial judge after impartially and judiciously sifting through the conflicts and nuances of the trial testimony and exhibits." Rice Researchers [v. Hiter], 512 So.2d [1259,] 1265 (Miss.1987). Where the chancellor adopts, verbatim, findings of fact and conclusions of law prepared by a party to the litigation, this Court analyzes such findings with greater care, and the evidence is subjected to heightened scrutiny. Brooks [652 So.2d at 1118] (citing Omnibank of Mantee v. United S. Bank, 607 So.2d 76, 83 (Miss.1992); In re Estate of Ford, 552 So.2d 1065, 1068 (Miss.1989)).
The Appellants submit that this Court should review this matter de novo. While, as noted above, the deference normally afforded the chancellor's findings of fact is lessened, this Court will not review this case de novo. As this Court explained in Rice Researchers, though the deference afforded the findings of fact is lessened, where the chancellor is of the view that, over all, the Appellees had "the better of the battle..., [t]hat determination is entitled to deference, though sensibly not as much as in the ordinary case." Rice Researchers [, 512 So.2d] at 1265. This Court must view the challenged findings and the record as a whole "with a more critical eye to ensure that the trial court has adequately performed its judicial function." Id.

Estate of Grubbs, 753 So.2d 1043 (¶¶ 8-9) (Miss.2000).
¶ 7. In the chancellor's opinion, he awarded both parties a 1995 Suburban vehicle valued at $16,500. Additionally, the chancellor awarded both Jo and Jody the entirety of the $145,000 savings account. However, by virtue of the final judgment, Jo was awarded the vehicle and the $145,000 in savings pursuant to the language that Jody was to receive all property not awarded to Jo.
¶ 8. Jo argued to the chancellor, and asserts to this Court on appeal, that a distribution of the assets should be based on the contribution to the acquisition of *345 the property pursuant to the Ferguson factor analyzing the contributions each party made towards the acquisition of property. In the parties' eighteen year marriage, Jo contributed $1,717,777 or 63% of income to the marriage, while Jody contributed $1,010,972 or 37% of the income to the marriage and subsequent acquisition of property. Jo argues that the chancellor was correct in his division of property which gave her $769,728 of marital property, not including the $109,130 worth of property which she acquired after the separation, and gave Jody $397,628.
¶ 9. Jody argues that the chancellor erred in refusing to consider Jo's after-separation acquired property as marital property and hence did not equitably divide the marital estate. Equitable distribution in a divorce case is governed by the guidelines set out by our supreme court in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). These guidelines include:
(1) economic and domestic contributions by each party to the marriage,
(2) expenditures and disposal of the marital assets by each party,
(3) the market value and emotional value of the marital assets,
(4) the value of the nonmarital property,
(5) tax, economic, contractual, and legal consequences of the distribution,
(6) elimination of alimony and other future frictional contact between the parties,
(7) the income and earning capacity of each party, and
(8) any other relevant factor that should be considered in making an equitable distribution.
Ferguson, 639 So.2d at 928.
¶ 10. It may very well be that the distribution of those assets labeled marital property is in accordance with the Ferguson factors. However, the chancellor's error lies is in his analysis of Jo's separate property for purposes of determining the marital estate to be divided. Marital property for the purpose of divorce is any and all property acquired or accumulated during the marriage. Assets so acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). "Assets are not subject to distribution where it can be shown that such assets are attributable to one of the parties' separate estates prior to the marriage or outside the marriage." Hemsley, 639 So.2d at 914 (emphasis added).
¶ 11. In Godwin v. Godwin, 758 So.2d 384 (Miss.1999), the supreme court recognized that where there is a separate maintenance order in place, "the order creates a point of demarcation with respect to the parties and their estates." The court went on to state that "[a]ssets acquired after an order for separate maintenance should be considered the separate property of the parties, absent a showing of either (1) contribution to the acquisition of the asset by the other spouse as contemplated in our decisions in Ferguson v. Ferguson, 639 So.2d 921, 928-29 (Miss.1994), and Magee v. Magee, 661 So.2d 1117, 1123 (Miss.1995) or, (2) acquisition of the asset through the use of marital property." Godwin, 758 So.2d at (¶ 7). The parties in Godwin separated in June of 1987 and the wife obtained a separate maintenance order. Godwin, 758 So.2d at (¶ 2). After having been separated for seven years, the husband sought a reduction in the separate maintenance. Id. at (¶ 3). In 1995, the wife filed for divorce and sought a division of her husband's deferred compensation plan from the time of separation in 1987. Id. The chancellor determined that the deferred compensation plan was part of *346 the husband's separate property. Id. at (¶ 4). In affirming the chancellor's ruling, the supreme court stated that there was no evidence suggesting that the wife contributed to the deferred compensation plan and that the evidence established that the husband had begun contributing to the plan from his income several years after the 1987 order for separate maintenance. Accordingly, the supreme court affirmed that the chancellor did not abuse his discretion in finding the asset was the husband's separate property. Id. at (¶ 8).
¶ 12. As explained, we give heighten scrutiny to the decisions of a chancellor where one party's conclusions and findings of fact were adopted verbatim. Here, that close scrutiny calls into question the chancellor's decisions involving the classification of non-marital property as the chancellor did not elaborate on why the $109,130 of property acquired by Jo was deemed to be part of her separate estate. The chancellor only noted that the property in question was purchased by Jo three to six months after she and Jody were separated. There was no clear line of demarcation of the separation of the parties like in Godwin. Even further, the property in question was acquired within a short time after the separation of the parties. So short that this court cannot from the record presented to it, determine that these items were purchased solely with funds earned after separation.
¶ 13. We note that several items awarded to Jo show no value assigned to them. Among those items are (1) a front end loader, (2) a big red trailer and a(3) a 1996 subsoiler. Unless these items are determined to be of negligible value, some actual value should be assigned to them to insure that the division is equitable. We also observe in the opinion and judgment that Jody was allocated marital property related to sustaining a household which the chancellor placed a value on in determining the marital estate. However, similar items owned by Jo were not included in that which was awarded to her from the marital estate. The chancellor provided no justification for, these actions. Absent reasonable justification, these actions would seem to be indicative of an inequitable distribution of marital property.
¶ 14. Accordingly, we find that the contradictions in the opinion and judgment, the failure to assign a value to all property, along with the chancellor's failure to adequately explain the failure to delineate a significant amount of property acquired by Jo as property attributable to the marital estate requires reversal and reconsideration of the equitable division of the marital estate on remand.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY OF DIVISION OF PROPERTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE TERMS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.